IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LEE ANN TAYLOR**                                                                           **PLAINTIFF**

v.                                                                           No. 3:20cv325-MPM-RP

**AJINOMOTO FOODS NORTH**
**AMERICA, INC.**                                                               **DEFENDANT**

## ORDER

Counsel in this case have recently filed a motion to dismiss and a motion to withdraw as attorney arising out of plaintiff Lee Ann Taylor's failure to appear at her deposition which was scheduled for April 12, 2022. In his motion to withdraw, plaintiff's counsel William Christopher Ivison asserts that plaintiff inexplicably failed to appear at her deposition in spite of having been specifically informed, in person, of its location and the importance that she attend. [Docket entry 51 at 3]. Counsel further represents that plaintiff has since refused to return his phone calls, and he contends that it is impossible for him to represent her in the absence of any communication or cooperation on her part. [*Id.*] This court notes that Judge Percy recently granted the motion to withdraw filed by Ivison's co-counsel Ken Adcock, but he ruled that "William Christopher Ivison must continue the representation until a proper Motion to Withdraw is filed on his behalf and served upon the plaintiff." [Percy Order at 1]. Ivison has now filed a Motion to Withdraw and served it upon plaintiff, and this court anticipates that Judge Percy will rule upon that motion in the near future, along with plaintiff's request that this case be stayed while she attempts to find new counsel.

As a dispositive motion, defendant's motion to dismiss is properly before this court, and it is, in fact, given serious concern by plaintiff's apparent unwillingness to cooperate with her

1

counsel in order to prosecute this case. While this court believes that defendant may well prove to have substantial arguments that this case should be dismissed for failure to prosecute, it is reluctant to rule upon this issue until it has a clearer picture regarding plaintiff's attitude towards this case and her willingness to participate in it. Indeed, this court can not rule out the possibility that there might be mitigating factors in relation to plaintiff's failure to attend her deposition, and it also seems possible that she might have a better relationship with any substitute counsel she retains. This court therefore concludes that it should give plaintiff an opportunity to secure new counsel and to demonstrate a more cooperative attitude in this lawsuit before ruling upon any motion to dismiss for failure to prosecute. This court will accordingly dismiss the motion to dismiss without prejudice to it being refiled at a later date, assuming that defendant concludes that plaintiff's future conduct warrants its re-filing.

It is therefore ordered that defendant's motion to dismiss [47-1] is dismissed without prejudice to it being refiled at a later. In light of the delays in this case, it is obvious that the trial presently scheduled for September will not take place, and it will therefore be continued until a date to be determined later. Plaintiff is hereby advised that it regards her failure to attend her deposition or to communicate with her attorneys with grave concern, and it warns her that any further such conduct on her part may result in the dismissal of this lawsuit.

This 18th day of May, 2022.

    /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI